IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BARBARA MARIE FRANTZ,

    **Plaintiff,**

    v.                                                      CASE NO. 21-3117-SAC

STATE OF KANSAS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Topeka Correctional Facility and has paid the filing fee. This matter is before the Court on Plaintiff's Motion to Appoint Counsel (Doc. 10). On June 14, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC") granting Plaintiff an opportunity to show good cause why her Complaint should not be dismissed and an opportunity to file an amended complaint to cure the deficiencies set forth in the MOSC. Plaintiff has now filed an Amended Complaint (Doc. 9) and has requested the appointment of counsel.

Plaintiff previously requested the appointment of counsel and the Court denied the request without prejudice in the MOSC. Plaintiff currently seeks the appointment of counsel due to her "debilitating medical state." (Doc. 10, at 1.) Plaintiff was able to file her 207-page Amended Complaint prior to the Court's deadline in the MOSC, as well as a motion to appoint counsel. Plaintiff states that she will need to subpoena medical records and witnesses in this case. Plaintiff also alleges in her motion to appoint counsel that she needs counsel to help her get life-saving medical care and treatment through the witness protection program.

Plaintiff made similar arguments in her prior motion to appoint counsel. The Court denied that request without prejudice in the Court's MOSC. The Court found in the MOSC that:

1

> "Whether a witness will be protected under the witness protection program is entirely within the Attorney General's discretion." *Boyd v. T'Kach*, 26 F. App'x 792, 794 (10th Cir. 2001) (unpublished) (citation omitted). "One cannot receive protection simply on demand." *Id*. (quoting *Garcia v. United States*, 666 F.2d 960, 962 (5th Cir. 1982)). The district court lacks jurisdiction to grant injunctive relief seeking continuation in, or return to, the witness protection program. *Id*.; *see also Ruston v. Bush*, No. 3:01-CV-1818-H, 2002 WL 108414, at *3 (N.D. Tex. Jan. 23, 2002) (finding that the requested injunctive relief is not available in the civil action as "federal courts do not have any control on who is admitted to the Federal Witness Protection Program" and "a criminal investigation is simply not available through a civil action").

(Doc. 6, at 6–7.)

The Court also denied Plaintiff's previous request for the appointment of counsel, finding that there is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). Regarding Plaintiff's current motion to appoint counsel, the Court again concludes that

(1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.  The Court denies the motion without prejudice to refiling the motion if Plaintiff's Amended Complaint survives screening.

    **IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Appoint Counsel (Doc. 10) is **denied without prejudice.**

    **IT IS SO ORDERED**.

    Dated September 3, 2021, in Topeka, Kansas.

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**