IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BARBARA MARIE FRANTZ,

    **Plaintiff,**

    v.                                                         CASE NO. 21-3117-SAC

STATE OF KANSAS, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Topeka Correctional Facility ("TCF") and has paid the filing fee. On June 14, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC") directing Plaintiff to show good cause why her Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC. Plaintiff has filed an Amended Complaint (Doc. 9). This matter is before the Court on Plaintiff's Motion to Withdraw U.S. Senior District Judge Sam A. Crow (Doc. 13); Motion to Appeal Motion for Appointment of Counsel (Doc. 14); and "Motion to Amend Relief Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" (Doc. 19).

Plaintiff alleged in her original Complaint that she has suffered "severe and substantial civil rights violations 1st degree attempt of murder and the conspiracy to commit pre-meditation 1st degree murder by Defendants." (Doc. 1, at 2.) Plaintiff asked the Court to "[p]lace Plaintiff in Federal Protective Custody for life saving medical care and treatment and to safe-guard her protection as witness against defendant." *Id*. Plaintiff named the State of Kansas and Warden Gloria Geither as Defendants.

1

The Court found in the MOSC that Plaintiff's 82-page Complaint uses the Court's form but attaches a handwritten complaint along with multiple attachments.  Plaintiff also filed a 436-page document that includes exhibits in support of her Complaint and a request for an emergency hearing to place her in Federal Protective Custody.  (Doc. 4.)  The Court found that:

> Plaintiff appears to allege that the State of Kansas is conspiring to murder her through multiple misdiagnoses of her medical condition regarding tumors on her liver.  Plaintiff alleges that the conspiracy began prior to her arrest on January 28, 2017, and has continued by the concealment of her medical conditions from a medical error in October 2013 by KU Medical Hospital.  (Doc. 1–2, at 2.)   Although Plaintiff's claims are hard to follow, she appears to argue that she was wrongfully and maliciously pursued in her criminal case in order to "shut down [her] multi-million dollar lawsuit and [her] major complaints against KU Hospital."  (Doc. 1–2, at 14.)  Plaintiff claims that the Larned State Hospital and the Leavenworth County Sheriff's Office are "affiliated with KU Medical Center Hospital."  *Id*. at 13. Plaintiff names the State of Kansas and Gloria Geither, Warden at TCF, as defendants.

(Doc. 6, at 2.)

The Court found in the MOSC that:  Plaintiff names the State of Kansas and the Warden at TCF as the only defendants but has failed to allege how either defendant is responsible for her alleged misdiagnoses; mere supervisory status is insufficient to create personal liability; if Plaintiff is relying on the Warden's participation in her confinement, she must allege a misuse of power or show a failure to follow court orders; any claim seeking release from imprisonment is not cognizable in a § 1983 action; Plaintiff has not named any medical providers as defendants and has failed to allege how her named defendants can provide her relief; and the district court lacks jurisdiction to grant injunctive relief seeking continuation in, or return to, the witness protection program.  The Court granted Plaintiff an opportunity to file an amended complaint in

which she names proper defendants and seeks proper relief regarding her medical claims. The Court cautioned Plaintiff that she must also comply with Fed. R. Civ. P. 8's pleading standards.

Plaintiff's Amended Complaint (Doc. 9) includes over 200 pages of exhibits, continues to name the State of Kansas and Warden Geither as defendants; and continues to seek federal protective custody. Plaintiff's Amended Complaint fails to cure the deficiencies set forth in the MOSC.

Plaintiff has filed a "Motion to Amend Relief Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" (Doc. 19). Plaintiff continues to seek federal protective custody and adds a claim for damages of $350,000,000. She also seeks release from imprisonment. The Court's MOSC sets forth the reasons why Plaintiff's request for federal protective custody and release from imprisonment are unavailable in this § 1983 action. The Court will grant Plaintiff one final opportunity to file a proper second amended complaint to cure the deficiencies set out in the MOSC. Plaintiff must also comply with Fed. R. Civ. P. 8. Plaintiff should also refrain from resubmitting the multiple exhibits filed in this case. If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein and in the MOSC, this matter will be decided based upon the current deficient Amended Complaint and may be dismissed without further notice for failure to state a claim.

Plaintiff filed a Motion to Withdraw U.S. Senior District Judge Sam A. Crow (Doc. 13). Plaintiff alleges that the undersigned has a conflict of interest. Plaintiff states that "Michael P. Crow" is opposing counsel in her civil case against Patrick Frantz, Case No. 18-2469-JWB-KGG. Plaintiff states that she is concerned that the undersigned is related to Michael P. Crow. The undersigned is not related to Michael P. Crow. Plaintiff's motion to withdraw the undersigned based on a potential conflict of interest regarding opposing counsel in Plaintiff's

Case No. 18-2469 is denied. There is no conflict of interest and Plaintiff has not alleged any other basis for the undersigned to recuse from presiding over this case.

Plaintiff has also filed a Motion to Appeal Motion for Appointment of Counsel (Doc. 14). The Court previously denied Plaintiff's motion for appointment of counsel, noting that there is no right to the appointment of counsel in this civil case. Plaintiff's current motion appears to be a request for the Court to reconsider the order denying the motion for appointment of counsel. Plaintiff claims she has not been given law library access and her medical state is debilitating.

Local Rule 7.3 provides that "[p]arties seeking reconsideration of non-dispositive orders must file a motion within 14 days after the order is filed" and the "motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b). Plaintiff has failed to present any of the grounds warranting reconsideration as set forth in Local Rule 7.3. Plaintiff has not set forth an intervening change in controlling law or the availability of new evidence. Plaintiff has not set forth the need to correct clear error or to prevent manifest injustice. Plaintiff's motion for reconsideration is denied.

Plaintiff has expressed concern over difficulties with e-filing documents at the TCF. *See, e.g.,* Doc. 14–1. The Clerk of Court has reached out to staff at TCF to resolve this issue.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motions at Docs. 13, 14 and 19 are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **November 29, 2021,** in which to file a complete and proper second amended complaint to cure all the deficiencies discussed herein and in the Court's MOSC at Doc. 6.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated October 27, 2021, in Topeka, Kansas.**

                                            **s/ Sam A. Crow**
                                            **Sam A. Crow**
                                            **U.S. Senior District Judge**